# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

KAREN A. KAVALAUSKAS

**DEFENDANTS**

PNC BANK & PNC FINANCIAL SERVICES GROUP, INC.

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Katherine C. Oeltjen, Esquire
Console Mattiacci Law, LLC 1525 Locust Street 9th Floor
Philadelphia, PA 19102    215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U S Government
  Plaintiff
- [x] 3  Federal Question
  *(U.S. Government Not a Party)*
- [ ] 2  U S Government
  Defendant
- [ ] 4  Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*and One Box for Defendant)*  *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [x] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer w/Disabilities - Employment
- [ ] 446 Amer w/Disabilities - Other
- [ ] 448 Education

### PRISONER PETITIONS

**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U S Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §621, et seq. ("ADEA"); 42 U.S.C. §12101, et seq. ("ADA"), 29 U.S.C. §2601, et seq. ("FMLA"); 43 P.S. §951, et seq. ("PHRA") Phila Code §9-1101, et seq. ("PFPO");

Brief description of cause:
Plain ff brings this action against her former employer for wrongful termination.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
in excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:    [x] Yes    [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
July 30, 2021

SIGNATURE OF ATTORNEY OF RECORD
s/Katherine C. Oeltjen

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Philadelphia, PA 19148 _____

Address of Defendant: ___ 300 Fifth Avenue, Pittsburgh, PA 15222; 1601 Market Street, Philadelphia, PA 19103 ___

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☑ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☑ |

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __07/30/2021__     __/s/ Katherine C. Oeltjen__     __318037__
                                         *Attorney-at-Law / Pro Se Plaintiff*                 *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

| A. | Federal Question Cases: | | B. | Diversity Jurisdiction Cases: |
|---|---|---|---|---|
| ☐ 1. | Indemnity Contract, Marine Contract, and All Other Contracts | | ☐ 1. | Insurance Contract and Other Contracts |
| ☐ 2. | FELA | | ☐ 2. | Airplane Personal Injury |
| ☐ 3. | Jones Act-Personal Injury | | ☐ 3. | Assault, Defamation |
| ☐ 4. | Antitrust | | ☐ 4. | Marine Personal Injury |
| ☐ 5. | Patent | | ☐ 5. | Motor Vehicle Personal Injury |
| ☐ 6. | Labor-Management Relations | | ☐ 6. | Other Personal Injury *(Please specify):* _____ |
| ☑ 7. | Civil Rights | | ☐ 7. | Products Liability |
| ☐ 8. | Habeas Corpus | | ☐ 8. | Products Liability – Asbestos |
| ☐ 9. | Securities Act(s) Cases | | ☐ 9. | All other Diversity Cases |
| ☐ 10. | Social Security Review Cases | | | *(Please specify):* _____ |
| ☐ 11. | All other Federal Question Cases *(Please specify):* _____ | | | |

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Katherine C. Oeltjen, Esquire__, counsel of record *or* pro se plaintiff, do hereby certify:

☑   Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐   Relief other than monetary damages is sought.

DATE: __07/30/2021__     __/s/ Katherine C. Oeltjen__     __318037__
                                         *Attorney-at-Law / Pro Se Plaintiff*                 *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

|  |  |  |
|---|---|---|
| KAREN A. KAVALAUSKAS | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| PNC BANK, et al. | : | |
| Defendants. | : | NO. |
| DEFENDANT | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.　　　　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
　　and Human Services denying plaintiff Social Security Benefits.　　　　　( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.　( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
　　exposure to asbestos.　　　　　( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
　　commonly referred to as complex and that need special or intense management by
　　the court.  (See reverse side of this form for a detailed explanation of special
　　management cases.)　　　　　( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.　　(X)

| July 30, 2021 | / /s/ Katherine C. Oeltjen | Katherine C. Oeltjen |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for**  Plaintiff |
| 215-545-7676 | 215-565-2852 | oeltjen@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KAREN A. KAVALAUSKAS** : | |
| **Philadelphia, PA 19148** : | **CIVIL ACTION NO.** |
| : | |
| **Plaintiff,** : | |
| : | **JURY TRIAL DEMANDED** |
| **v.** : | |
| : | |
| **PNC BANK** : | |
| **1600 Market Street** : | |
| **Philadelphia, PA 19103** : | |
| : | |
| **and** : | |
| : | |
| **PNC FINANCIAL** : | |
| **SERVICES GROUP, INC.** : | |
| **The Tower at PNC Plaza** : | |
| **300 Fifth Avenue** : | |
| **Pittsburgh, PA 15222** : | |
| : | |
| : | |
| **Defendants.** : | |
| : | |

## COMPLAINT

### I.   INTRODUCTION

Plaintiff, Karen A. Kavalauskas ("Plaintiff"), brings this action against PNC Bank and The PNC Financial Services Group, Inc., (collectively, "Defendants") following her termination because of her age, disability and related need for medical leave following forty-two (42) years of exemplary service to Defendants. Plaintiff began working for Defendants when she was seventeen (17) earning multiple promotions along the way and ultimately serving as the Executive Assistant, Senior Administrative Officer to a Regional President of Defendants. Defendants terminated Plaintiff less than two-months after a medical leave for cancer treatment at age sixty (60) citing

only a "position elimination" as the reason for her termination.  Plaintiff now brings claims under

the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et seq.* ("ADEA"), the

Americans with Disabilities Act, as amended, 42 U.S.C. §12101, *et seq.*  ("ADA"), the Family

Medical Leave Act, 29 U.S.C. §2601, *et seq.* ("FMLA") the Pennsylvania Human Relations Act,

as amended 43 P.S. §951, *et seq.* ("PHRA") and the Philadelphia Fair Practices Ordinance, Phila

Code §9-1101, *et seq.* ("PFPO").

## II.  PARTIES

1.      Plaintiff, Karen A. Kavalauskas, is a citizen of the Commonwealth of Pennsylvania.

She resides in Philadelphia, Pennsylvania.

2.      Plaintiff is sixty-two (62) years old.

3.      Defendant PNC Bank is organized under the laws of Delaware and a wholly owned

subsidiary of Defendant PNC Financial Services Group, Inc.

4.      Defendant PNC Bank is headquartered at 1600 Market Street, Philadelphia, PA

19103.

5.      Defendant The PNC Financial Group, Inc is organized under the laws of the

Commonwealth of Pennsylvania and headquartered at The Tower at PNC Plaza, 300 Fifth Avenue,

Pittsburgh, PA 15222.

6.      At all times material here to, the Defendants maintained a place of business at 1600

Market Street, Philadelphia, PA 19103.

6.      Defendants are engaged in an industry affecting interstate commerce and regularly

conduct business in the Commonwealth of Pennsylvania and the City of Philadelphia.

7.      At all times material hereto, Defendants employed more than fifty (50) people within seventy-five (75) miles of Plaintiff's work location and more than four (4) employees within the Commonwealth of Pennsylvania.

8.      At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

9.      At all times material hereto, Defendants acted as "employer(s)" within the meaning of the statutes which form the basis of this matter.

10.     At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the statutes which form the basis of this matter.

## III.     JURISDICTION AND VENUE

11.     The causes of action which form the basis of this matter arise under the ADEA, the ADA, the FMLA, the PHRA and the PFPO.

12.     The District Court has jurisdiction over Counts I (ADEA), II (ADA), and III (FMLA) pursuant to 28 U.S.C. §1331.

13.     The District Court has supplemental jurisdiction over Count IV (PHRA) and Count V (PFPO) pursuant to 28 U.S.C. §1367.

14.     Venue is proper in this District Court under 28 U.S.C. §1391(b).

15.     On or about July 26, 2019, Plaintiff filed a Complaint with the Pennsylvania Human Relations Commission ("PHRC") and cross-filed with Equal Employment Opportunity

3

Commission ("EEOC") complaining of the acts of discrimination alleged herein. Attached hereto, incorporated herein, and marked as Exhibit "1" is a true and correct copy of the Compliant (with personal identifying information redacted).

16.     On or about May 3, 2021, the EEOC issued to Plaintiff a Notice of Right to Sue for the above Complaint/Charge. Attached hereto and marked as Exhibit "2" is a true and correct copy of the Notice (with personal identifying information redacted).

17.     Plaintiff has fully complied with all administrative prerequisites for commencement of this action.

## IV.    FACTUAL ALLEGATIONS

18.      Plaintiff began working for Defendants on or about December 13, 1976 as a secretary.

19.      Plaintiff was employed at Defendants for over forty-two (42) years, from age seventeen (17) until age sixty (60).

20.     Plaintiff consistently performed her job duties in a highly competent manner, receiving positive feedback.

21.     Plaintiff was promoted several times during her employment. Plaintiff last held the position of Executive Assistant, Senior Administrative Officer.

22.     As Executive Assistant, Senior Administrative Officer, Plaintiff supported a high-level executive and was responsible for serving as liaison for members of the Executive Suite with internal and external partners. She also performed a variety of administrative duties to support a Regional President and the Client and Community Relations team.

23.     Plaintiff last reported to Joseph Meterchick ("Meterchick") (61[1]), Regional President.  Meterchick reports to Louis Cestello (58), Executive Vice President, Head of Regional Markets.

24.     Plaintiff worked for Defendants in their 1600 Market Street, Philadelphia, Pennsylvania location and within the Executive Suite.

25.     At all times material hereto, Plaintiff was the oldest Executive Assistant in the Philadelphia Executive Suite.

26.     Plaintiff began reporting to Meterchick in or about 2016.

27.     In or about July 2017, Meterchick raised the issue of retirement with Plaintiff. Plaintiff indicated that she was not "ready" to retire and that she wanted to continue her career with Defendants indefinitely.

28.     Plaintiff understood that she was being asked to discuss retirement because she was in her sixties (60's) and that if she had been substantially younger the topic of her retirement would not have been raised with her by Defendants.

29.     On or about January 16, 2019, Plaintiff was diagnosed with suspected uterine cancer, a disability.

30.     Plaintiff learned that she required surgery for the cancer.

31.     Shortly thereafter, on or about January 18, 2019, Plaintiff informed Meterchick that she required surgery and shared further details related to her disability.

32.     Plaintiff told Meterchick that she would likely require a medical leave of absence.

_____

[1] All ages and disability status(es) referenced herein, except for Plaintiff's own, are alleged based upon Plaintiff's information and belief.

33.     Plaintiff provided Defendants with a note from her doctor and otherwise provided additional details about her disability and need for medical leave of absence to begin on or about January 31, 2019.

34.     On January 31, 2019, Plaintiff went out of work on a medical leave of absence.

35.     Plaintiff's medical leave of absence was leave covered by the FMLA.

36.     On January 31, 2019, Plaintiff underwent surgery for her uterine cancer.

37.     On or about March 7, 2019, Plaintiff told Meterchick that she would return to work on April 1, 2019 and further shared that a biopsy following her surgery confirmed a cancer diagnosis.

38.     Plaintiff told Meterchick that her surgeon recommended that she attend wellness programs and engage other resources at the hospital-based cancer center where she was being treated once she returned to work.

39.     Plaintiff requested the following reasonable accommodation from Defendants in connection with her disability: permission to take one half day or one full day per week for eight (8) weeks to attend wellness sessions recommended by her physician.

40.     Defendants instructed Plaintiff to use her vacation days to attend the wellness sessions.

41.     On April 1, 2019, Plaintiff returned to work from her medical leave of absence.

42.     Plaintiff used her vacation days to attend the wellness sessions.

43.     Approximately six (6) weeks after her return from medical leave, on or about May 16, 2019, in a meeting with Meterchick and Tiana Escofil (48) ("Escofil"), Assistant Vice President, Employee Relations Specialist, Defendants terminated Plaintiff's employment.

6

44.     Plaintiff was told her termination was effective July 19, 2019 with her last day in the office on May 22, 2019.

45.     Plaintiff was completely shocked and blindsided by her termination.

46.      Before Plaintiff shared her cancer diagnosis and took medical leave, Defendants never indicated that Plaintiff's job was in jeopardy.

47.     Defendants' stated reason for Plaintiff's termination was "elimination" of her position.

48.     Defendants terminated Plaintiff's employment because of her disability and/or her age and/or for seeking reasonable accommodations for her disability and/or for taking a medical leave of absence for her disability.

49.     Plaintiff had no material performance or disciplinary issues throughout her more than forty-two (42) years of service for Defendants.

50.     Plaintiff was the only employee, to her knowledge, notified of termination on May 16, 2019.

51.     Defendants have assigned a portion of Plaintiff's job duties to Regina Donnelley (40), Executive Assistant.

52.     Plaintiff was more qualified and experienced to perform her job duties than the younger, nondisabled employee(s) to whom Defendants assigned her job duties after Plaintiff's termination.

53.     When Plaintiff was terminated, Defendants retained substantially younger, less-qualified, non-disabled employees who had not recently taken medical leave.

54.     Plaintiff's age was a motivating and/or determinative factor in connection with Defendants' discriminatory treatment of Plaintiff, including in connection with her termination, without limitation.

55.     Plaintiff's disability, including her record of disability and Defendants' regarding her as having a disability, was a motivating and/or determinative factor in connection with Defendants' discriminatory treatment of Plaintiff, including in connection with her termination, without limitation.

56.     At all times material hereto, Plaintiff was able to perform the essential functions of her job with or without a reasonable accommodation.

57.     Plaintiff's requests for leave and/or for reasonable accommodations were motivating and/or determinative factor(s) in Defendants' discriminatory and retaliatory treatment of Plaintiff including in connection with her termination, without limitation.

58.     Defendants failed to prevent or address the discriminatory and retaliatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of discriminatory and retaliatory conduct.

59.     Defendants retaliated against Plaintiff for taking FMLA leave.

60.     As a direct and proximate result of Defendants' discriminatory and retaliatory conduct, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

8

61.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

62.     No previous application has been made for the relief requested herein.

## COUNT I—ADEA

63.     Plaintiff incorporates herein by reference paragraphs 1 through 62 above, as if set forth herein in their entirety.

64.     By committing the foregoing acts of discrimination against Plaintiff, Defendants have violated the ADEA.

65.     Defendants' violations of the ADEA were intentional and willful under the circumstances, warranting the imposition of liquidated damages.

66.     As a direct and proximate result of Defendants' violation of the ADEA, Plaintiff has suffered the injuries, damages and losses set forth herein.

67.     Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

68.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

69.     No previous application has been made for the relief requested herein.

## COUNT II – ADA

70.     Plaintiff incorporates herein by reference paragraphs 1 to 69 above, as if set forth herein in their entirety.

9

71.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated the ADA.

72.     Defendants acted intentionally, and with malice and/or reckless indifference to Plaintiff's rights, and their conduct warrants the imposition of punitive damages.

73.     As a direct and proximate result of Defendants' violation of the ADA, Plaintiff has suffered the injuries, damages, and losses set forth herein.

74.      Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

75.     No previous application has been made for the relief requested herein.

## COUNT III—FMLA

76.     Plaintiff incorporates by reference paragraphs 1 through 75 above as if set forth fully herein in their entirety.

77.     By committing the foregoing acts against Plaintiff, Defendants have violated the FMLA.

78.     Defendants' conduct was retaliatory.

79.     Said violations were willful, not in good faith and Defendants did not have reasonable grounds to believe that the foregoing acts were not in violation of the FMLA.

80.     The imposition of liquidated damages is warranted.

81.     As a direct and proximate result of Defendants' violations of the FMLA, Plaintiff has suffered damages and losses set forth herein and has incurred attorneys' fees and costs.

82.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' violations of the FMLA unless this Court grants the relief requested herein.

83.     No previous application has been made for the relief requested herein.

### COUNT IV—PHRA

84.     Plaintiff incorporates herein by reference paragraphs 1 through 83 above, as if set forth herein in their entirety.

85.     Defendants, by the above improper and discriminatory and retaliatory acts, have violated the PHRA.

86.     Said violations were intentional and willful.

87.     As a direct and proximate result of the Defendants' violation of the PHRA, Plaintiff has sustained the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

88.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of the Defendants' discriminatory acts unless and until the Court grants the relief requested herein.

89.      No previous application has been made for the relief requested herein.

### COUNT V—PFPO

90.     Plaintiff incorporates herein by reference paragraphs 1 through 89 above, as if set forth herein in their entirety.

11

91.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated the PFPO.

92.     Defendants acted willfully and intentionally, and with malice and/or reckless indifference to Plaintiff's rights, thereby warranting the imposition of punitive damages.

93.     As a direct and proximate result of Defendants' violation of the PFPO, Plaintiff has sustained the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

94.     Plaintiff is now suffering and will continue to suffer the irreparable injury and monetary damages as a result of Defendants' discriminatory, retaliatory and unlawful acts unless and until this Court grants the relief requested herein.

95.     No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a) declaring the acts and practices complained of herein to be in violation of the ADEA;

(b) declaring the acts and practices complained of herein to be in violation of the ADA;

(c) declaring the acts and practices complained of herein to be in violation of the FMLA

(d) declaring the acts and practices complained of herein to be in violation of the PHRA

(e) declaring the acts and practices complained of herein to be in violation of the PFPO

12

(f)  enjoining and permanently restraining the violations alleged herein;

(g)  entering judgment against the Defendants and in favor of the Plaintiff in an amount to be determined;

(h)  awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(i)  awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(j)  awarding liquidated damages to Plaintiff;

(k)  awarding punitive damages to Plaintiff;

(l)  awarding Plaintiff other such damages as are appropriate under the ADEA, the ADA, the FMLA, the PHRA and the PFPO;

(m)  awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and,

(n)  granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.


Dated: July 30, 2021                                    BY: */s/Katherine C. Oeltjen*_____
                                                        Stephen G. Console, Esquire (36656)
                                                        Katherine C. Oeltjen, Esquire (318037)
                                                        CONSOLE MATTIACCI LAW, LLC
                                                        1525 Locust Street, 9th Floor

13

Philadelphia, PA 19102
(215) 545-7676

*Attorneys for Plaintiff*

# EXHIBIT 1

Received

JUL 2 6 2019

PA Human Relations Commission
Philadelphia Regional Office

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

## COMPLAINT

COMPLAINANT:

**KAREN A. KAVALAUSKAS**                                    Docket No.  $20190192\,8$

v.

RESPONDENTS:

**PNC BANK**

and

**THE PNC FINANCIAL SERVICES
GROUP, INC.**

1.  The Complainant herein is:

   Name:        Karen A. Kavalauskas

   Address:     REDACTED

2.  The Respondents herein are:

   Names:       PNC Bank, The PNC Financial Services Group, Inc.

   Address:     1600 Market Street
                Philadelphia, PA 19103

3.  I, Karen A. Kavalauskas, the Complainant herein, allege that I was subjected to unlawful

discrimination because of my disability (including history of and regarded as) and my age (60),

and retaliation because I sought reasonable accommodations for my disability, as set forth below.

## Discrimination and Retaliation

**A.  I specifically allege:**

[1]        I began working at Respondents on or about December 13, 1976.

[2]        I was employed at Respondent for over forty-two (42) years, from age seventeen (17) until age sixty (60).

[3]        I consistently performed my job duties in a highly competent manner, and received positive feedback.

[4]        I last held the position of Executive Assistant, Senior Administrative Officer.

[5]        I reported to Joseph Meterchick (61[1]), Regional President.  Meterchick reports to Louis Cestello (58), Executive Vice President, Head of Regional Markets.

[6]        I was the only disabled[2] Executive Assistant employee in Respondents' Philadelphia Office Executive Suite.

[7]        I was the oldest Executive Assistant employee in Respondents' Philadelphia Office Executive Suite.

[8]        In or about September 2016, I began reporting to Meterchick.

[9]        In or about July 2017, Meterchick had a conversation with me in which the topic of my retirement was raised, and I indicated that I was not ready to retire, and that I wanted to continue my career with Respondents.

[10]        On or about January 16, 2019, I was diagnosed with uterine cancer and learned that I required surgery.

---

[1] All ages referenced herein are approximations.
[2] References herein to an employee not having a disability are to the best of my knowledge.

[11]     On or about January 18, 2019, I informed Meterchick that I required surgery. I provided Respondents with a note from my doctor, and stated that I needed to take a medical leave of absence, beginning January 31, 2019. I told Meterchick that my medical leave of absence would likely be for one (1) month.

[12]     On January 31, 2019, I went out of work on a medical leave of absence.

[13]     On January 31, 2019, I underwent surgery for my uterine cancer.

[14]     On or about March 7, 2019, in a phone call, I informed Meterchick that I would be returning to work on April 1, 2019. I told Meterchick that my surgeon recommended that I attend wellness programs and engage other resources at the hospital's cancer center to assist in my recovery. I requested that, for approximately eight (8) weeks following my return to work, I be permitted to take a half or full day once per week to attend the wellness program sessions. I was instructed to use my vacation days to attend the wellness program.

[15]     On April 1, 2019, I returned to work from my medical leave of absence.

[16]     I used my vacation days to attend the wellness program, one (1) day or a half day per week, for my disability and recovery.

[17]     On May 16, 2019, in a meeting with Meterchick and Tiana Escofil (40), Assistant Vice President, Employee Relations Specialist, Respondents terminated my employment, effective July 19, 2019. I was blindsided. Before the termination meeting, I had no indication that my job was in jeopardy. The stated reason was that Respondents were eliminating my position. I was told that May 22, 2019 would be my last day in the office.

[18]     Respondents terminated my employment because of my disability and/or my age and/or my seeking reasonable accommodations for my disability and/or my taking a medical leave of absence for my disability.

To: Page 7 of 9  7/26/2019 2:04:15 PM EDT  121302731U1 From: Anna Bra...

Case 2:21-cv-03395   Document 1   Filed 07/30/21   Page 22 of 26

[19]    I had no performance or disciplinary issues throughout my more than forty-two (42) years of service at Respondents.

[20]    I was provided with no opportunity to remain employed with Respondents.

[21]    I was the only employee, to my knowledge, notified of termination on May 16, 2019.

[22]    Respondents have assigned a portion of my job duties to Regina Donnelley (35), Executive Assistant. I was more qualified and experienced to perform my job duties than the younger, nondisabled employee to whom Respondents assigned a portion of my job duties.

[23]    Respondents terminated my employment because of my disability and/or my age and/or my seeking accommodations and/or my taking a medical leave of absence for my disability.

[24]    Respondents' disability and age discriminatory and retaliatory conduct toward me has caused me emotional distress.

[25]    Respondents' comments and conduct evidence a bias against disabled employees and/or older employees and/or employees that seek accommodations and/or employees that take a medical leave of absence for a disability.

**B.** Based on the aforementioned, I allege that Respondents have discriminated against me because of my disability (including history of and regarded as) and my age (60), and retaliated against me for seeking reasonable accommodations for my disability in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), the

Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the

Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO").

    4.    The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices

in violation of:

    __X__    **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L.**

**744, as amended) Section 5 Subsection(s): __(a); (d)__**

    _____    Section 5.1 Subsection(s) _____

    _____    Section 5.2 Subsection(s) _____

    _____    Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961,

P.L. 766, as amended) Section 4 Subsection(s) _____

    5.    Other action based upon the aforesaid allegations has been instituted by the

Complainant in any court or before any other commission within the Commonwealth of

Pennsylvania as follows:

    __X__    **This charge will be referred to the EEOC for the purpose of dual**

**filing.**

    6.    The Complainant seeks that Respondents be required to:

    (a) Make the Complainant whole.

    (b) Eliminate all unlawful discriminatory and retaliatory practice(s) and procedure(s).

    (c) Remedy the discriminatory and retaliatory effect of past practice(s) and

        procedure(s).

    (d) Take further affirmative action necessary and appropriate to remedy the violation

        complained of herein.

    (e) Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

July 26, 2019  _____
(Date Signed)          (Signature)   Karen A. Kavalauskas
                                      REDACTED

# EXHIBIT 2

EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:  **Karen A. Kavalauskas**<br>REDACTED<br>**Philadelphia, PA 19148** | From:  **Philadelphia District Office**<br>**801 Market Street**<br>**Suite 1000**<br>**Philadelphia, PA 19107** |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **17F-2020-60887** | **Damon A. Johnson,**<br>**State & Local Program Manager** | **(267) 589-9722** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge.  It has been issued at your request.  Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

☒  More than 180 days have passed since the filing of this charge.

☐  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

☒  The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.**  Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):**  You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Dana R Hutto*                                    May 3, 2021

**Dana R. Hutter,**                              *(Date Issued)*
**Deputy Director**

Enclosures(s)

cc:

| **For Respondent** | **For Charging Party:** |
|---|---|
| **Timothy W. Millet**<br>**Deputy General Counsel**<br>**PNC Bank**<br>**Via email only: AdminCharge@pnc.com** | **Katherine C. Oeltjen, Esq.**<br>**Console Mattiacci Law, LLC**<br>**Via email only: oeltjen@consolelaw.com** |